TROUTMAN SANDERS LLP
Stephen J. Steinlight
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
*Attorneys for Defendant RealPage, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Joshua S. Saylor, individually and as a representative of the classes,<br><br>                              Plaintiff,<br><br>     v.<br><br>RealPage, Inc.,<br>                              Defendants. | CIVIL ACTION NO.:<br>1:19-cv-13768 |

### **REALPAGE, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant RealPage, Inc. ("RealPage"), through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, answers the Complaint (the "Complaint") of Plaintiff Joshua S. Taylor ("Plaintiff"). RealPage denies all allegations in the Complaint that RealPage does not expressly admit in this Answer.

RealPage responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

### **<u>INTRODUCTION</u>**

1.      The allegations in paragraph 1 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 1 are contrary to law, they are denied.

2.      RealPage denies the allegations in paragraph 2 of the Complaint.

3.      RealPage denies the allegations in paragraph 3 of the Complaint.

39438853

4.      RealPage admits that Plaintiff purports to bring individual and class claims under the Fair Credit Reporting Act and the New Jersey Fair Credit Reporting Act.  RealPage denies the remaining allegations in paragraph 4 of the Complaint.

## THE PARTIES

5.      RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint regarding Plaintiff's residence and, therefore, denies the same.

6.      The allegations in paragraph 6 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 6 are contrary to law, they are denied.

7.      RealPage admits that it is a Delaware corporation and is headquartered in Richardson, Texas.

8.      RealPage admits that, among other things, it provides tenant screening services to various qualified third parties.  The remaining allegations in paragraph 8 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 8 are contrary to law, they are denied.

9.      The allegations in the first sentence of paragraph 9 of the Complaint refer to a document.  RealPage denies the allegations in paragraph 9 to the extent those allegations are inconsistent with the document.  RealPage admits that it maintains a proprietary database of information.  RealPage denies the remaining allegations in paragraph 9.

10.      RealPage admits that, among other things, it provides tenant screening services to various qualified third parties.  RealPage responds that the remaining allegations in Paragraph 10 state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 10 are contrary to law, they are denied.

11.      The allegations Paragraph 10 state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 10 are contrary to law, they are denied.

## JURISDICTION AND VENUE

12.     The allegations in paragraph 12 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 12 are contrary to law, they are denied.

13.     The allegations in paragraph 13 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 13 are contrary to law, they are denied.

14.     The allegations in paragraph 14 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 14 are contrary to law, they are denied.

## STATUTORY BACKGROUND

15.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies the same.

16.     The allegations in paragraph 16 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 16 are contrary to law, they are denied.

17.     The allegations in paragraph 17 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 17 are contrary to law, they are denied.

18.     The allegations in paragraph 18 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 18 are contrary to law, they are denied.

19.     The allegations in paragraph 19 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 19 are contrary to law, they are denied.

20.     RealPage denies the allegations in paragraph 20 of the Complaint.

## ALLEGATIONS RELATING TO PLAINTIFF

21.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies the same.

22.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies the same.

23.     RealPage admits that SDK Millbridge Gardens used RealPage's software to generate a report regarding a Joshua Saylor.   RealPage denies any remaining allegations in paragraph 23 of the Complaint.

24.     RealPage admits that in August 2018, SDK Millbridge Gardens used RealPage's software to generate a report regarding a Joshua Saylor, and that SDK Millbridge compensated RealPage for the use of RealPage's software.   RealPage denies the remaining allegations in paragraph 24 of the Complaint.

25.     RealPage denies the allegations in paragraph 25 of the Complaint.

26.     The allegations in paragraph 26 of the Complaint refer to a document.   RealPage denies the allegations in paragraph 26 to the extent those allegations are inconsistent with the document.

27.     The allegations in paragraph 27 of the Complaint refer to a document.   RealPage denies the allegations in paragraph 27 to the extent those allegations are inconsistent with the document.

28.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies the same.

29.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies the same.

30.     The allegations in paragraph 30 of the Complaint refer to a document.   RealPage denies the allegations in paragraph 30 to the extent those allegations are inconsistent with the document.

31.     The allegations in paragraph 31 of the Complaint refer to a document.   RealPage

denies the allegations in paragraph 31 to the extent those allegations are inconsistent with the document.

32.      Paragraph 32 does not contain any allegations against RealPage to which a denial or admission is required.

33.      Paragraph 33 does not contain any allegations against RealPage and therefore does not require a response.

34.      The allegations in paragraph 34 of the Complaint refer to records.  RealPage denies the allegations in paragraph 34 to the extent those allegations are inconsistent with those records.

35.      RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies the same.

36.      RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies the same.

37.      RealPage denies the allegations in paragraph 37 of the Complaint.

38.      RealPage denies the allegations in paragraph 38 of the Complaint.

39.      RealPage denies the allegations in paragraph 39 of the Complaint.

40.      RealPage denies the allegations in paragraph 40 of the Complaint.

41.      The allegations in paragraph 41 of the Complaint refer to records.  RealPage denies the allegations in paragraph 41 to the extent those allegations are inconsistent with those records.

42.      RealPage denies the allegations in paragraph 42 of the Complaint.

43.      RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies the same.

44.      RealPage denies the allegations in paragraph 44 of the Complaint.

**ALLEGATIONS RELATING TO DEFENDANT'S BUSINESS PRACTICES**

45.      RealPage admits that one component of its software is to use algorithms to match applicant information with criminal records.  Except as expressly admitted, RealPage denies the remaining allegations in paragraph 45 of the Complaint.

46.      RealPage admits that, in some circumstances, it obtains criminal records from third

party vendors.   Except as expressly admitted, RealPage denies the remaining allegations in paragraph 46 of the Complaint.

47.     RealPage denies the allegations in the first sentence of paragraph 47 because Plaintiff does not indicate what he means by manual review.   The second sentence of paragraph 47 refers to a document.   RealPage denies the allegations in the second sentence of paragraph 47 to the extent those allegations are inconsistent with the document.

48.     RealPage denies the allegations in paragraph 48 of the Complaint.

49.     The allegations in paragraph 49 of the Complaint refer to a document.   RealPage denies the allegations in paragraph 49 to the extent those allegations are inconsistent with the document.

50.     RealPage denies the allegations in paragraph 50 of the Complaint.

51.     RealPage denies the allegations in paragraph 51 of the Complaint.

52.     RealPage denies the allegations in paragraph 52 of the Complaint.

53.     RealPage denies the allegations in paragraph 53 of the Complaint.

54.     RealPage denies the allegations in paragraph 54 of the Complaint.

55.     RealPage denies the allegations in paragraph 55 of the Complaint.

56.     RealPage denies the allegations in paragraph 56 of the Complaint.

57.     RealPage denies the allegations in paragraph 57 of the Complaint.

58.     RealPage denies the allegations in paragraph 58 of the Complaint.

59.     RealPage denies the allegations in paragraph 59 of the Complaint.

## **CLASS ALLEGATIONS**

60.     RealPage admits that Plaintiff purports to assert FCRA claims on behalf of himself and the proposed class identified in paragraph 60 of the Complaint, but denies that the proposed class Plaintiff seeks to represent is properly certifiable.   To the extent paragraph 60 of the Complaint can be construed to state allegations against RealPage, RealPage denies them.

61.     RealPage admits that Plaintiff purports to assert New Jersey FCRA claims on behalf of himself and the proposed class identified in paragraph 61 of the Complaint, but denies that the

proposed class Plaintiff seeks to represent is properly certifiable.  To the extent paragraph 61 of the Complaint can be construed to state allegations against RealPage, RealPage denies them.

62.     The allegations in paragraph 62 of the Complaint state legal conclusions, to which no response is required.  To the extent that the allegations in paragraph 62 are contrary to law, they are denied.  Defendants specifically deny that Plaintiff's claims are suitable for class treatment.

63.     The allegations in paragraph 63 of the Complaint state legal conclusions, to which no response is required.  To the extent that the allegations in paragraph 63 are contrary to law, they are denied.  Defendants specifically deny that Plaintiff's claims are suitable for class treatment.

64.     The allegations in paragraph 64 of the Complaint state legal conclusions, to which no response is required.  To the extent that the allegations in paragraph 64 are contrary to law, they are denied.  Defendants specifically deny that Plaintiff's claims are suitable for class treatment.

65.     The allegations in paragraph 65 and its subparts (a) – (d) of the Complaint state legal conclusions, to which no response is required.  To the extent that the allegations in paragraph 65 are contrary to law, they are denied.  Defendants specifically deny that Plaintiff's claims are suitable for class treatment.

66.     RealPage denies the allegations in paragraph 66 of the Complaint.

67.     RealPage denies the allegations in paragraph 67 of the Complaint.

## COUNT I

### 15 U.S.C. § 1681e(b)

68.     RealPage repeats its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

69.     RealPage denies the allegations in paragraph 69 of the Complaint.

70.     RealPage denies the allegations in paragraph 70 and its subparts (a) – (g) of the Complaint.

71.     RealPage denies the allegations in paragraph 71 of the Complaint.

## COUNT II

## N.J.S.A. § 56:11-32(b)

72.     RealPage repeats its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

73.     RealPage denies the allegations in paragraph 73 of the Complaint.

74.     RealPage denies the allegations in paragraph 74 and its subparts (a)-(g) of the Complaint.

75.     RealPage denies the allegations in paragraph 75 of the Complaint.

## PRAYER FOR RELIEF

76.     RealPage denies that Plaintiff is entitled to any of the relief requested in paragraph 76 and its subparts (a) – (i).

## DEMAND FOR JURY TRIAL

77.     RealPage acknowledges that Plaintiff demands a trial by jury.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that RealPage bears the burden of proof as to any of them, RealPage asserts the following defenses.  RealPage intends to rely on any additional defenses that may become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against RealPage, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from RealPage.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that they are barred because all information RealPage communicated to any third person regarding Plaintiff or purported class members was accurate.

## THIRD ADDITIONAL DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the FCRA.  Plaintiff's alleged damages, if any, are speculative or uncertain and therefore not compensable.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, RealPage acted in good faith and complied fully with the FCRA.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which RealPage continues to deny, were the result of acts or omissions of third persons over whom RealPage had neither control nor responsibility, or were the result of Plaintiff's own prior conduct.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims for punitive damages fail to the extent that the Complaint states no facts in support of a claim for punitive damages.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to protect himself from damages, if any, or failed to mitigate his alleged damages.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff cannot recover against RealPage to the extent that some or all of his claims for relief in the Complaint are barred by applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p, or by the doctrine of laches.

## NINTH ADDITIONAL DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against RealPage, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages.  RealPage is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

### TENTH ADDITIONAL DEFENSE

Any damages allegedly suffered by Plaintiff were not caused by RealPage, but by intervening causes.

### ELEVENTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

### TWELFTH ADDITIONAL DEFENSE

Plaintiff's individual and class claims are barred, in whole or in part, to the extent that Plaintiff or any purported class member has not suffered any actual damages or other injury.

### THIRTEENTH ADDITIONAL DEFENSE

Plaintiff's proposed class fails on the basis that the Court does not have personal jurisdiction over the claims of many purported class members as to RealPage.

### FOURTEENTH ADDITIONAL DEFENSE

The Court lacks personal jurisdiction over Plaintiff's claims.  RealPage is not subject to general personal jurisdiction or specific personal jurisdiction in this Court.

Defendants reserve the right to assert additional defenses as they become known.

///

///

///

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant requests this Court to enter a judgment:

1.     denying Plaintiff any and all relief in this case;

2.     dismissing Plaintiff's claims in their entirety;

3.     dismissing this case with prejudice;

4.     awarding Defendants its costs and attorneys' fees incurred in this case; and

5.     granting Defendants all other relief that the Court deems just and proper.

Dated: New York, New York.

July 23, 2019

Respectfully submitted,

**TROUTMAN SANDERS LLP**

875 Third Avenue
New York, NY 10022
T: 212.704.6000
F. 212.704.6288

By:     */s/ Stephen J. Steinlight*
      Stephen J. Steinlight
      stephen.steinlight@troutman.com

*Attorneys for Defendant RealPage, Inc.*