IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSHUA S. SAYLOR, *individually and*
*as a representative of the classes,*      :
                              :

          Plaintiff,      :

                              :

v.                             :      Civil Action No.1:22-cv-00053-AJT-IDD

                              :

REALPAGE, INC.                :

                              :

          Defendant.      :

## FINAL APPROVAL ORDER

     This matter, having come before the Court on Plaintiff's Motion for Final Approval of

the proposed class action settlement with Defendant, RealPage, Inc. ("RealPage"); the Court

having considered all papers filed and arguments made with respect to the settlement, and having

preliminarily certified, by Order entered February 7, 2022 a "Settlement Class," and the Court,

being fully advised finds that:

     1.     On September 21, 2022, the Court held a Final Approval Hearing, at which time

the parties were afforded the opportunity to be heard in support of or in opposition to the

settlement. The Court received one objection regarding the settlement.

     2.     Certification for settlement purposes of the Settlement Class, as defined by the

Settlement Agreement proposed by the Parties in this case (Dkt. No. 88-1), is appropriate

pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

     3.     Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of

Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order.

Such Notice has been given in an adequate and sufficient manner; constitutes the best notice

practicable under the circumstances, including the dissemination of individual notice to all members who can be identified through reasonable effort; and satisfies Rule 23(e) and due process.

4.      Notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715 was timely provided.

5.      The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by the parties.

6.      The settlement, as set forth in the Settlement Agreement is fair, reasonable, and adequate to the members of the Settlement Class in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.   In connection with its approval, the Court has considered the factors enumerated in Rule 23(e)(2) and finds they counsel in favor of approval.

7.      The relief provided under the settlement constitutes fair value given in exchange for the release of claims.

8.      The persons listed on **Exhibit 1** hereto have validly excluded themselves from the Settlement Class in accordance with the provisions of the Settlement Agreement and Preliminary Approval Order.

9.      The parties and each Settlement Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

10.     It is in the best interests of the parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which, in any way, relates to the applicability or scope of the Settlement

Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

10. The Court incorporates the preceding paragraphs of its Order, as if each paragraph was set forth below.

11. This action is a class action against RealPage, on behalf of a class of consumers that has been defined as follows:

> **Settlement Class**: All persons residing in the United States of America (including its territories and Puerto Rico) who from June 14, 2017 through March 2, 2021, were the subject of a report sold by RealPage that included a record from a sex offender registry, with the sex offender registry record on the report having matched the subject of the report based on a date of birth range, where further manual review shows that the date of birth of the individual in the sex offender registry differs from the date of birth of the applicant who was the subject of the report.

11. The Settlement Agreement submitted by the parties for the Settlement Class is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall therefore be deemed incorporated herein and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

12. Named Plaintiff Joshua Saylor's appointment as Class Representative and Berger Montague PC and Kelly Guzzo, PLC's appointment as Class Counsel is finally approved.

13. The Court overrules the objection to the settlement. After carefully considering the objection, the Court concludes that the objection does not raise meritorious questions as to whether the settlement is fair, reasonable, and adequate.

14.    This action is hereby dismissed on the merits, in its entirety, with prejudice and without costs.

15.    As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement. The Named Plaintiff also releases the Released Parties in accordance with the Settlement Agreement.

16.    As agreed by the parties in the Settlement Agreement, upon the Effective Date, each Settlement Class Member is enjoined and permanently barred from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Settlement Class Released Claims.

17.    Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over RealPage and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a

defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

18.    Upon consideration of Class Counsel's application for fees and costs and other expenses, the Court awards $3,243,856.67 as reasonable attorneys' fees and an amount not to exceed $96,630.68 as reimbursement for reasonable out-of-pocket expenses, which shall be paid from the Settlement Fund.

19.    Upon consideration of the application for an individual settlement and service award, the Named Plaintiff, Joshua Saylor, is awarded the sum of $7,500 to be paid from the Settlement Fund, for the service he has performed for and on behalf of the Settlement Class.

20.    Upon consideration of the documentation submitted by the Settlement Administrator, the Court awards the Settlement Administrator an amount not to exceed $110,000 as reimbursement for the reasonable expenses of notice administration. Defendant already advanced the Settlement Administrator $25,000 from the Settlement Fund. The remainder of the approved amount shall also be paid from the Settlement Fund.

21.    Neither this Final Judgment and Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the RealPage or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Settlement Released Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the RealPage or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or RealPage.

22.    The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

Anthony J. Trenga
United States District Judge

HONORABLE ANTHONY J. TRENGA
UNITED STATES DISTRICT JUDGE

Dated: _Sept. 26, 2022_