**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

JOSHUA S. SAYLOR, *individually and*
*as a representative of the classes,*          :
                                                :
                    Plaintiff,                  :
                                                :
v.                                              :    Civil Action No. 1:22-cv-00053-AJT-IDD
                                                :
                                                :
REALPAGE, INC.                                  :
                                                :
                    Defendant.                  :

**<u>CONSENT INJUNCTIVE RELIEF ORDER</u>**

On January 3, 2022, Defendant, RealPage, Inc. ("RealPage") and Plaintiff Joshua Saylor

entered into a Settlement Agreement and Release. Pursuant to the Settlement and Release

Agreement, RealPage, without admitting any of the allegations in the Complaint, consents to the

entry of this Order:

1.      For the next five years, RealPage will agree to limit its reporting of sex offender

registry records on an applicant to those records that correspond to the sex offender registries in

the state where the property at issue is located, as well as states where the applicant is believed to

have a current or previous known address based on information from the application or reliable

data providers, which are currently the credit bureaus. If the property at issue, or addresses

believed to be associated with the applicant, are located in metropolitan areas with straddling state

boundaries, the states neighboring those metropolitan areas will also be included in the list of

applicable state sex offender registries. When processing addresses for use in the matching

procedure described in this paragraph, RealPage may use tools to ensure the addresses it ultimately

uses conform to expected standards. For example, and without limitation, these tools may correct

typos or other errors, i.e. spelling "Main" as "Mane," that may occur when RealPage receives an input address.

2.     Annually for the next five years, RealPage will agree to have any Senior Directors, Vice Presidents, and Senior Vice Presidents who actively manage RealPage's Screening Product undergo additional Fair Credit Reporting Act compliance training that discusses RealPage's accuracy obligations related to the matching and reporting of sex offender registry records. This training will be designed by either RealPage's in-house legal department or an outside third-party, at RealPage's discretion.

3.     The injunctive relief discussed in Paragraph 1 above will take effect no later than 90 days after the Court's final approval of the settlement, to the extent it has not been fully implemented before that time. The training discussed in Paragraph 2 will first occur within one year of the Court's final approval of the settlement and annually thereafter.

4.     If, during the period of the injunctive relief above, RealPage believes that changes have occurred in federal, state or local law, or through other applicable regulations or administrative actions, that alter RealPage's obligations with respect to the requirements under 15 U.S.C. § 1681e(b) as they pertain to sex offender registry record matching, RealPage is permitted to modify the procedures discussed in Paragraph 1 above in the manner it deems necessary to maintain compliance with the law. At the time of the change, RealPage must provide notice of the change to Class Counsel. If Class Counsel, acting in good faith, disagrees that the change is consistent with changes in the applicable law, they shall provide RealPage with written notice of any objections to the proposed change, and the reasons for the same, within fifteen (15) days of RealPage's communication notifying Class Counsel of the change. Thereafter, if RealPage and Class Counsel cannot reach agreement on the proposed change, RealPage must petition the Court

for approval of the proposed change.  RealPage may continue implementing the change during the time the parties await a ruling from the Court.

**IT IS SO ORDERED**

ENTERED this 26 day of Sept. , 2022.

Anthony J. Trenga
United States District Judge

3